JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, as Successor-in-Interest to SCREEN ACTORS GUILD, INC., on behalf of Affected Performers,<br><br>Petitioner,<br><br>v.<br><br>TEN DEEDS PRODUCTIONS, LLC,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. CV 13-7690 FMO (FFMx)<br><br>**JUDGMENT** |

Pursuant to the Court's Order Re: Motion for Order Confirming Arbitration Award and Entry of Judgment in Conformity Therewith, **IT IS ADJUDGED** that:

1. The arbitration award in favor of Screen Actors Guild-American Federation of Television and Radio Artists, as successor-in-interest to Screen Actors Guild, Inc., ("SAG-AFTRA") and against TEN DEEDS PRODUCTIONS, LLC ("Respondent"), Union Case No. TM 2989, dated November 18, 2009, is confirmed in all respects.

2. Respondent shall pay the following amounts:

   (a) To Screen Actors Guild-American Federation of Television and Radio Artists, on behalf of affected performers, the sum of $21,051.05;

(b) To Screen Actors Guild-American Federation of Television and Radio Artists for its attorney's fees incurred in this action, the sum of $2,400.00; and

(c) To Screen Actors Guild-American Federation of Television and Radio Artists for its costs incurred in this action, the sum of $400.00.

3. Screen Actors Guild-American Federation of Television and Radio Artists is hereby granted an assignment of Respondent's accounts receivable from the distribution, exhibition, exploitation or other use of the motion picture entitled *Dirty Deeds* anywhere in the world until the amounts due are paid in full.

4. SAG-AFTRA is authorized to engage in any or the remedial actions provided for in the Security Agreement.

5. The parties are to split any arbitrator fees.

Dated this 13th day of December, 201.

/s/
Fernando M. Olguin
United States District Judge

2